BRIAN J. STRETCH (CABN 163973)
United States Attorney



FILED
JUN 30 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ALEXANDER ROSENBERG,

    Defendant.

CASE NO. CR 17 00358 EJD NC

VIOLATIONS: 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B) – Obtaining Information from a Protected Computer; 18 U.S.C. §§ 1030(i) and (j) – Criminal Forfeiture.

SAN JOSE VENUE

INFORMATION

The United States Attorney charges:

BACKGROUND

At all times relevant to this Information:

1. Defendant ALEXANDER ROSENBERG was an individual residing in Henderson, Nevada.

2. Apple, Inc., ("Apple") was a company headquartered in Cupertino, California.

3. Apple produced the iPhone, iPad, and iPod Touch, all of which use the iOS operating system, and desktop and laptop computers based on the Mac OS operating system.

4. iCloud was a file hosting, storage, and sharing service provided by Apple. iCloud could be used through numerous iCloud-connected services, and could also be used to store iOS device

INFORMATION

1 | backups and data associated with third-party apps.

5. iCloud-connected services allowed users to create, store, access, share, and synchronize data on Apple devices or via icloud.com on any Internet-connected device. For example, iCloud Mail enabled a user to access Apple-provided email accounts on multiple Apple devices and on icloud.com. iCloud similarly stored contact and calendar information for access across multiple platforms. iCloud Photo Library and My Photo Stream could be used to store and manage images and videos taken from Apple devices. iCloud Drive could be used to store presentations, spreadsheets, and other documents. iCloud Keychain enabled a user to keep website username and passwords, credit card information, and Wi-Fi network information synchronized across multiple Apple devices.

6. Users accessed Apple services, including iCloud, through the use of an "Apple ID," an account created during the setup of an Apple device or through the iTunes or iCloud services. A single Apple ID could be linked to multiple Apple services and devices, serving as a central authentication and syncing mechanism.

7. An Apple ID took the form of an email address. Users could submit an Apple-provided email address (often ending in @icloud.com, @me.com, or @mac.com) or an email address associated with a third-party email provider (such as Gmail, Yahoo, or Hotmail).

8. Apple provided users with five gigabytes of free electronic space on iCloud, and users could purchase additional storage space. That storage space, located on servers controlled by Apple, could contain data associated with the use of iCloud-connected services, including: email; images and videos; documents, spreadsheets, presentations, and other files; and web browser settings and Wi-Fi network information. iCloud could also be used to store iOS device backups, which can contain a user's photos and videos, iMessages, Short Message Service and Multimedia Messaging Service messages, voicemail messages, call history, contacts, calendar events, reminders, notes, app data and settings, and other data. Records and data associated with third-party apps could also be stored on iCloud.

COUNT ONE: (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B) – Obtaining Information from a Protected Computer)

9. The factual allegations contained in paragraphs one through eight are realleged and incorporated herein.

INFORMATION
2

10. Beginning on an unknown date, but no later than April 30, 2015, and continuing to approximately January 7, 2016, in the Northern District of California, and elsewhere, the defendant,

ALEXANDER ROSENBERG,

intentionally accessed a protected computer used in interstate and foreign commerce without authorization and exceeding authorized access, and thereby obtained information from a protected computer, and committed the offense for purposes of commercial advantage and private financial gain; that is, defendant used the Internet to access iCloud accounts belonging to other individuals, and obtained information, all in violation of Title 18 United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i).

FORFEITURE ALLEGATION: (18 U.S.C. § 1030(i) and (j))

11. The allegations contained in this Information are hereby realleged for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1030(i) and (j).

12. Upon conviction of the offense in Count One, in violation of Title 18, United States Code, Section 1030(a) set forth in this Information, the defendant,

ALEXANDER ROSENBERG,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 1030(i) and (j), any personal property used or intended to be used to commit or to facilitate the commission of said violation or a conspiracy to violate said provision, and any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to:

    a. Apple laptop bearing serial number C02H22T8DJWT
    b. Apple iPhone, Model A1549, IMEI: 359301065504390
    c. Apple laptop bearing serial number W8828FX00P1
    d. Apple laptop bearing serial number W8027ARTATM
    e. Seagate external 500 GB hard drive bearing serial number NA734X5E
    f. Apple laptop bearing serial number C17NVA11G3QH

13. If any of the property described above, as a result of any act or omission of the defendant:
    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;

INFORMATION
3

| | | |
|---|---|---|
| 1 | c. | has been placed beyond the jurisdiction of the court; |
| 2 | d. | has been substantially diminished in value; or |
| 3 | e. | has been commingled with other property which cannot be divided without difficulty, |

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1030(i)(2). USSG § All pursuant to Title 18 United States Code, Section 1030.

Dated: 6/27/17

BRIAN J. STRETCH
United States Attorney

/s/ MATTHEW A. PARRELLA
MATTHEW A. PARRELLA
Chief, CHIP Unit

(Approved as to form: /s/ M. Kane )
AUSA M. KANE

INFORMATION

4

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1030(a)(2)(C) and (c))(2)(B)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Five years of imprisonment, three years of supervised release, $250,000 fine, $100 special assessment, forfeiture, restitution

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

**DEFENDANT - U.S**

▶ ALEXANDER ROSENBERG

DISTRICT COURT NUMBER

CR 17 00358 EJD

FILED
JUN 30 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

NC

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  BRIAN J. STRETCH
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  MICHELLE J. KANE

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

Comments: